# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

LOUIS GARCIA,

     Petitioner,

v.                                                                                                   No. 2:22-cv-00507-KWR-KK

HECTOR RIOS, *et al*,

     Respondents.

### <u>ORDER OF DISMISSAL</u>

**THIS MATTER** is before the Court following Petitioner's failure to pay the habeas filing fee as directed.   Petitioner is incarcerated and proceeding *pro se*.   He challenges his state conviction under 28 U.S.C. § 2254.   *See* Doc. 1.   By an Order entered July 29, 2022, the Court directed Petitioner to prepay the $5 habeas filing fee or, alternatively, file a motion to proceed *in forma pauperis*.   *See* Doc. 2 (Cure Order).   Petitioner filed the motion but also included a letter stating he "enclosed a $5.00 check."   Docs. 3-4.   No payment was included.   Petitioner's letter attaches a prison Request for Withdrawal of Detainees Personal Funds.   *See* Doc. 4 at 2.   It is unclear whether the form is complete, as Petitioner did not specify a payee.   The line for "Signature of approving Officer" is also blank.   *Id.*   In any event, Petitioner filed a second Motion to Proceed *In Forma Pauperis* a few weeks later.   *See* Doc. 6.   That motion reflects an account balance of $375.17.   *Id.* at 7.

By a second Order entered October 6, 2022, the Court denied Petitioner's motions to proceed *in forma pauperis* and directed him to pay the $5.00 filing fee within thirty days.   *See* Doc. 7.   The Order warned that the failure to timely comply will result in the dismissal of this case without further notice.   The payment deadline was November 6, 2022.   Plaintiff failed to

comply.   Instead, he filed a letter reiterating his initial assertion that he paid the filing fee and alleging: "in fact [$] 10.00 total has been paid."  Doc. 8 at 1.   Petitioner does not say when he allegedly sent a second $5.00 check to bring the total to $10.00.   He points to a series of exhibits, including the prior Orders, Notices from CM/ECF, and the partially completed withdrawal-request form that he mailed in response to the first Cure Order.   None of these documents demonstrate Petitioner requested a check addressed to the Court or that he otherwise paid the filing fee.   To date, no fee has arrived.

For these reasons, the Court will dismiss this action pursuant to Fed. R. Civ. P. 41(b) for "failure to prosecute [and] comply with the … court's orders."  *Olsen v. Mapes,* 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003).   The dismissal is without prejudice and does not appear to impact the habeas statute of limitations.[1]   Petitioner must file a new § 2254 petition and address the filing fee in the new case, if he still seeks relief.   To the extent necessary, the Court will deny a certificate of appealability (COA) under Habeas Rule 11, as the failure to comply with Court Orders is not reasonably debatable.   *See DeAtley v. Williams,* 782 Fed. App'x 736, 737 (10th Cir. 2019) (declining to issue a COA after district court dismissed habeas petition under Rule 41).

**IT IS ORDERED** that Petitioner Louis Garcia's Petition for Writ of Habeas Corpus (**Doc. 1**) is **DISMISSED WITHOUT PREJUDICE**; and a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk shall **MAIL** Petitioner a blank § 2254 form,

---

[1] Section 2254 petitions must generally be filed within one year after the challenged state judgment becomes final.  *See* 28 U.S.C. § 2244.   Petitioner was convicted of unlawful use of an ATM card in 2014. His § 2254 petition challenges the Order Revoking Probation entered September 1, 2015 in Case No. D-619-CR-2013-224.   The state docket reflects Petitioner did not file a direct appeal or state tolling motion during the next year.   *See* Docket Sheet in Case No. D-619-CR-2013-224.   Accordingly, it appears the one-year habeas limitation period expired in 2016.   Petitioner must establish grounds for tolling regardless of whether he proceeds in the instant case or files another petition.

2

if he wishes to refile his claims; and the Court will enter a separate judgment closing this case.

      **IT IS SO ORDERED.**

**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**

3