IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LOUIS GARCIA,

    Petitioner,

v.                                                             No. 22-cv-00507-KWR-KK

HECTOR RIOS, and
ATTORNEY GENERAL FOR
THE STATE OF NEW MEXICO,

    Respondents.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Petitioner Louis Garcia's Habeas Petition Under 28 U.S.C. § 2254 (Doc. 1). Petitioner challenges a 2015 state court order revoking his probation following a 2014 judgment and suspended sentence. Having reviewed the matter *sua sponte* pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court will require Petitioner to show cause why this matter should not be dismissed as untimely.

**I.**   **Procedural Background**[1]

In March 2014, Petitioner pled guilty to the unlawful withdrawal or use or theft of an ATM or debit card, a fourth-degree felony in New Mexico. (Doc. 1 at 1) (referencing state case no. D-619-CR-2013-00224; *see id.*, 3/12/2014 Plea & Disposition Agreement). The state court sentenced

---

[1] To better interpret the citations in the Petition, the Court takes judicial notice of Petitioner's state court criminal dockets, Case Nos. D-619-CR-2013-00224 and S-1-SC-39251 as well as Case No. D-61-CR-2014-00190. *See United States v. Smalls*, 605 F.3d 765, 768 n. 2 (10th Cir. 2010) (recognizing a court may take judicial notice of docket information from another court); *Mitchell v. Dowling*, 672 Fed. App'x 792, 794 (10th Cir. 2016) (Habeas courts may take "judicial notice of the state-court docket sheet to confirm the date that each [state] motion was filed").

him to 18 months in prison, followed by one year of parole and ordered the prison sentence suspended so that he would be placed on supervised probation for a term of 18 months. *See* D-619-CR-2013-00224 (3/24/2014 Judgment and Order Suspending Sentence).  On September 1, 2015, the state court revoked Petitioner's probation following an adjudicatory hearing at which Petitioner admitted having violated its terms. *See* D-619-CR-2013-00224 (9/01/2015 Order of Unsatisfactory Discharge) (hereinafter, the "Revocation Order"). Petitioner did not appeal the Revocation Order, which therefore became final thirty days later, on October 1, 2015. *See* NMRA, Rule 12-201(A)(1)(b) (an appeal must be taken within "thirty . . . days after the judgement or order appealed from is filed in the district court clerk's office").

More than six years later, Petitioner filed a state habeas petition seeking to challenge the Revocation Order. *See* D-619-CR-2013-00224 (12/2/2021 Habeas Corpus Petition). The state Court dismissed the habeas petition on January 26, 2022. *See* D-619-CR-2013-00224 (1/06/2022 Habeas Corpus Petition). Petitioner filed a petition for a writ of certiorari in the New Mexico Supreme Court on February 24, 2022, which was denied on reconsideration on June 6, 2022. *See* state case no. S-1-SC-39251. Petitioner filed this federal § 2254 Petition about a month later, on July 8, 2022. (Doc. 1). He contends, inter alia, that he was deprived of due process in the revocation hearing and that at the hearing, he denied violating his probation such that the state court's finding to the contrary in the Revocation Order was erroneous. (Doc. 1 at 7, 11).

Petitioner's sentence in case no. D-619-CR-2013-00224 is apparently fully expired and he is no longer confined pursuant to the Revocation Order. He is apparently now serving a thirty-year prison term based on a state conviction for criminal sexual contact of a minor and related charges. *See* state case no. D-61-CR-2014-00190. (6/5/2018 Judgment).

## II. Timeliness of the § 2254 Petition

Petitions for a writ of habeas corpus by a person in state custody must generally be filed within one year after the judgment becomes final. 28 U.S.C. § 2244(d)(1)(A). A judgment becomes final "by the conclusion of direct review or the expiration of the time for seeking such review." *Locke v. Saffle*, 237 F.3d 1269, 1272 (10th Cir. 2001). The one-year limitation period can be extended:

(1) While a state habeas petition is pending, § 2244(d)(2);

(2) Where unconstitutional state action has impeded the filing of a federal habeas petition, § 2244(d)(1)(B);

(3) Where a new constitutional right has been recognized by the Supreme Court, § 2244(d)(1)(C); or

(4) Where the factual basis for the claim could not have been discovered until later, § 2244(d)(1)(D).

Equitable tolling may also available "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his [or her] control." *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000).

Here, the one-year limitation period began to run no later than October 2, 2015, after Petitioner declined appeal the district court's order revoking his probation. *See Klein v. Franklin*, 437 F. App'x 681, 684 (10th Cir. 2011) (holding the statute of limitations began to run after the state court's order revoking the petitioner's suspended sentence became final). The one-year limitations period of § 2244(d)(1) expired on October 1, 2016, five years and two months before Petitioner filed his state habeas petition on December 2, 2021.

3

The Petition addresses timeliness, but not clearly. (Doc. 1 at 6-17).  Petitioner appears to recognize that the Petition is untimely and to seek to overcome the time-bar by asserting that he was not "advised" of the appeal process and/or was denied the opportunity to appeal the Revocation Order. (Doc. 1 at 17-18). He appears as well to invoke Rule 5-803 of the Rules of Criminal Procedure for the District Courts of New Mexico, governing "petitions for post-sentence relief" which allows a person "not in custody or restraint as a result of such sentence" to petition to set aside a judgment and sentence. *See* NMRA, Rule 5-803.

To the extent Petitioner seeks to extend the limitations period under § 2244(d)(1)(B), he must show that a state created impediment prevented him from filing a timely habeas petition. *Aragon v. Williams*, 819 F. App'x 610, 613 (2020). He has not done so. To the extent Petitioner seeks to rely on ignorance of his legal rights as a basis for equitable tolling, "it is well established that ignorance of the law, even for an incarcerated pro se prisoner, generally does not excuse prompt filing." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). As to Petitioner's citation to New Mexico Rule 5-803, the state remedy provided therein is available exclusively in the state court and is not properly raised in a federal habeas petition. *Id.*

Petitioner may believe the one-year period is tied to the conclusion of his state habeas petition, filed initially in state court in December 2021 and finally resolved by the New Mexico Supreme Court in June 2022.  However, any state habeas proceedings filed after October 1, 2016, cannot restart the clock, and do not otherwise impact the expired limitations period.  *See Gunderson v. Abbott,* 172 Fed. App'x 806, 809 (10th Cir. 2006) ("A state court [habeas] filing submitted after the ... [one-year] deadline does not toll the limitations period."); *Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001) (Section § 2254 "petitions cannot be tolled for time spent

in state post-conviction proceedings because [petitioner's state] applications for post-conviction relief were not filed until after … the end of the limitations period").[2]

For these reasons, Petitioner must show cause in writing within thirty (30) days of entry of the Order why the Petition is not time-barred. The failure to timely respond and overcome the time-bar will result in dismissal of the habeas action without further notice. *See United States v. Mitchell*, 518 F.3d 740, 746 (10th Cir. 2008) ("AEDPA's time bar … may be raised by a court *sua sponte*… [H]abeas proceedings are different from ordinary civil litigation and, as a result, our usual presumptions about the adversarial process may be set aside.").

### III. The In-Custody Requirement

"The writ of habeas corpus shall not extend to a prisoner unless [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see also* 28 U.S.C. § 2254(a). "[W]hile the concept of 'in custody' does not require that the petitioner be physically confined and extends beyond incarceration to parole on an unexpired sentence, it does not extend to the situation where a habeas petitioner suffers no present restraint from a challenged conviction at the time of the filing of the habeas petition." *Harvey v. Shillinger*, 76 F.3d 1528, 1537 (10th Cir. 1996). The Court discerns that Petitioner is currently incarcerated pursuant to the criminal sexual penetration of a minor and related convictions in case no. D-61-CR-2014-00190, and that he suffers no present restraint because of the Revocation Order in case no. D-619-CR-2013-00224. Unless Petitioner can demonstrate that he is "in custody" because of the order

---

[2] *Jimenez v. Quarterman*, 555 U.S. 113, 120–21 (2009) created one exception to this rule. *Jimenez* holds a state habeas order granting an out of time appeal can "reset AEDPA's 1-year limitations period," since it effectively "restore[s] the pendency of the direct appeal." 555 U.S. at 120-21. The exception is inapplicable here because Petitioner never obtained state habeas relief, and his direct appeal period was never reopened.

revoking his probation in case no. D-619-CR-2013-00224, the Court does not have jurisdiction over his habeas claim. *Id.* (holding that the court lacked jurisdiction to consider a habeas claim where a petitioner was not "in custody" pursuant to the judgment he was attacking).

It is possible that Petitioner seeks to attack the court's Revocation Order in D-619-CR-2013-00224 on the theory that it was used to enhance his sentence in the subsequent case. But even if the Revocation Order was used to enhance his subsequent sentence, it cannot be attacked directly in a habeas action. *Harvey*, 76 F.3d at 1537, quoting *Waldon v. Cowley*, 880 F.2d 291, 292 (10th Cir.1989). "Rather the attack must be directed toward the enhanced sentence under which [Petitioner] is in custody." *Harvey*, 76 F.3d at 1537. And "if the attack is so directed, [Petitioner] may argue that his present sentence is improper because it has been enhanced by a prior, unconstitutional conviction." *Id.* To constitute enhancement, Petitioner must show that if he prevails in challenging Revocation Order, the sentence that he is currently serving will be reduced. *See id.*, quoting *Collins v. Hesse*, 957 F.2d 746, 748 (10th Cir.1992) ("To constitute enhancement, a petitioner must show that if he prevails in challenging his prior expired conviction, the sentence that he is currently serving will be reduced."). If Petitioner intends to pursue this theory, he must amend his habeas petition to challenge the legality of sentence in D-61-CR-2014-00190 pursuant to the foregoing "enhancement" standards.

**IT IS ORDERED** that within thirty (30) days of entry of this Order, Petitioner must file a response showing cause, if any, why his § 2254 habeas petition should not be dismissed as untimely and/or for based on the in-custody requirement set forth herein.

_____
UNITED STATES DISTRICT JUDGE