**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

LOUIS GARCIA,

      Petitioner,

v.                                                    No. 22-cv-00507-KWR-KK

HECTOR RIOS, and
ATTORNEY GENERAL FOR
THE STATE OF NEW MEXICO,

      Respondents.

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

This matter is before the Court on Petitioner Louis Garcia's Habeas Petition Under 28 U.S.C. § 2254 (Doc. 1) (the "Petition").  In a previous Memorandum Opinion and Order, the Court reviewed the Petition and required Garcia to show cause why this case should not be dismissed for failure to file within the one-year limitation period and/or for failure to satisfy the in-custody requirement. (Doc. 16) (the "Screening MOO"). Garcia timely filed a *Motion Responding to U.S. District Court's Memorandum Opinion and Order*, arguing the merits of the Petition, and asserting that extraordinary circumstances and the need to prevent a fundamental miscarriage of justice should excuse the untimeliness of the Petition. (Doc. 20) (the "Response"). The Response does not address the in-custody requirement. Having reviewed the Response, the Court concludes that Garcia has failed to overcome the time bar. On this ground, and for the reasons stated in the Screening MOO, this case will therefore be dismissed with prejudice.

    **I.**    **Background**[1]

_____

[1] To better interpret the citations in the Petition, the Court takes judicial notice of Petitioner's state court criminal dockets, Case Nos. D-619-CR-2013-00224 and S-1-SC-39251 as well as Case No. D-61-CR-2014-00190.  *See United States v. Smalls*, 605 F.3d 765, 768 n. 2 (10th Cir. 2010)

In March 2014, Garcia pled guilty to the unlawful withdrawal or use or theft of an ATM or debit card, a fourth-degree felony in New Mexico. (Doc. 1 at 1) (referencing state case no. D-619-CR-2013-00224; *see id.*, 3/12/2014 Plea & Disposition Agreement). The state court sentenced him to 18 months in prison, followed by one year of parole and ordered the prison sentence suspended so that he would be placed on supervised probation for a term of 18 months. *See* D-619-CR-2013-00224 (3/24/2014 Judgment and Order Suspending Sentence). About six months later, the state filed a petition to revoke Garcia's probation because Garcia had been arrested on charges of sexually abusing a minor. *See* D-619-CR-2013-00224 (9/22/2014 Petition to Revoke Probation).

On September 1, 2015, the state court revoked Garcia's probation following an adjudicatory hearing at which the Court held that "[Garcia] admitted that he violated his probation." *See* D-619-CR-2013-00224 (9/01/2015 Order of Unsatisfactory Discharge) (hereinafter, the "Revocation Order"). Garcia did not appeal the Revocation Order, which therefore became final thirty days later, on October 1, 2015. *See* NMRA, Rule 12-201(A)(1)(b) (an appeal must be taken within "thirty . . . days after the judgement or order appealed from is filed in the district court clerk's office").

More than six years later, Garcia filed a state habeas petition seeking to challenge the Revocation Order. *See* D-619-CR-2013-00224 (12/2/2021 Habeas Corpus Petition). The state Court dismissed the habeas petition on January 26, 2022. *See* D-619-CR-2013-00224 (1/06/2022 Habeas Corpus Petition). He filed a petition for a writ of certiorari in the New Mexico Supreme

---

(recognizing a court may take judicial notice of docket information from another court); *Mitchell v. Dowling*, 672 Fed. App'x 792, 794 (10th Cir. 2016) (Habeas courts may take "judicial notice of the state-court docket sheet to confirm the date that each [state] motion was filed").

Court on February 24, 2022, which was denied on reconsideration on June 6, 2022. *See* state case no. S-1-SC-39251. About a month later, on July 8, 2022, Garcia filed the present § 2254 Petition. (Doc. 1).

Garcia's sentence in case no. D-619-CR-2013-00224 is apparently fully expired and he is no longer confined pursuant to the Revocation Order. Having been convicted of the charges that led the state to seek to revoke his probation in the case at issue here (case no. D-619-CR-2013-00224), Garcia is apparently now serving a thirty-year prison term for criminal sexual contact of a minor and related charges. *See* state case no. D-619-CR-2014-00190 (the "sex abuse case") (6/5/2018 Judgment).[2] In the Petition, Garcia contends, *inter alia*, that he was deprived of due process in the revocation hearing and that at the hearing, he denied violating his probation such that the state court's finding to the contrary in the Revocation Order was erroneous. (Doc. 1 at 7, 11). He also argues that the revocation of his probation in case no. D-619-CR-2013-00224 was a "collateral consequence" of errors in the sex abuse case, which errors, he appears to argue, will be proven through a habeas challenge to his conviction in that case. (Doc. 1 at 3, 16-17).

The Court screened the Petition pursuant to Habeas Corpus Rule 4 and concluded in the Screening MOO that the one-year limitation period for filing a habeas petition established in 28 U.S.C. § 2244(d)(1)(A) began to run no later than October 2, 2015, after Garcia declined appeal the district court's order revoking his probation, and expired on October 1, 2016, five years and two months before Garcia filed his state habeas petition on December 2, 2021. *See Locke v. Saffle*, 237 F.3d 1269, 1272 (10th Cir. 2001) (A judgment becomes final "by the conclusion of direct review or the expiration of the time for seeking such review."); *Klein v. Franklin*, 437 F.

---

[2] In response to the Court's Order to Clarify Habeas Claims, Garcia indicated that the present Petition exclusively challenges the Revocation Order and <u>not</u> the judgment and/or sentence in the sex abuse case.  (Docs. 21, 22).

App'x 681, 684 (10th Cir. 2011) (holding the statute of limitations began to run after the state court's order revoking the petitioner's suspended sentence became final). (Doc. 16 at 3). Garcia did not show that the statute of limitations should be extended under other subsections of § 2244(d). *See* (Doc. 16 at 4). Nor did he demonstrate grounds for equitable tolling. *See Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000) (Equitable tolling may be available "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his [or her] control."). *See* (Doc. 16 at 4) (citing *Marsh,* 223 F.3d at 1220, for the proposition that ignorance of the law does not excuse prompt filing).

The Court also addressed the "in-custody" requirement that a habeas petitioner must be "in custody in violation of the Constitution or laws or treaties of the United States" 28 U.S.C. § 2241(c)(3); 28 U.S.C. § 2254(a); or be under a "present restraint from a challenged conviction at the time of the filing of the habeas petition." *Harvey v. Shillinger*, 76 F.3d 1528, 1537 (10th Cir. 1996). The Court advised Garcia that since he apparently is incarcerated pursuant to the judgment in the sex abuse case, and that he suffers no present restraint because of the Revocation Order in case no. D-619-CR-2013-00224, the Court lacked jurisdiction over his Petition challenging the Revocation Order.  (Doc. 16 at 5-6).

The Court allowed Garcia to file a response addressing the timeliness of his Petition and the in-custody requirement. (Doc. 16 at 6). In his Response, Garcia does not challenge the Court's analysis of the limitations period based on the finality of the Revocation Order. Nor does he address the in-custody requirement. Garcia's response is primarily focused on why the Petition should be granted on the merits. (Doc. 20 at 1-9). Garcia also seeks to overcome the time bar based on theories of "extraordinary circumstances," and urges the Court to grant relief to avoid a fundamental miscarriage of justice. (Doc. 20 at 8-12). For the reasons that follow, his arguments

fail to overcome the time bar.

## II.   **Discussion**

As stated in the Court's Screening MOO, Habeas Corpus Rule 4 requires a *sua sponte* review of § 2254 claims.  "If it plainly appears from the petition and any attached exhibits that the moving party is not entitled to relief … , the judge must dismiss the petition."  Habeas Corpus Rule 4.  "If the motion is not dismissed, the judge must order the United States Attorney to file an answer...."  *Id.*  "[D]istrict courts are permitted ... to consider, sua sponte, the timeliness of a ... habeas petition" as part of the initial review process.  *Day v. McDonough*, 547 U.S. 198, 209 (2006).

A 1-year period of limitation applies to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. 28 U.S.C. § 2244(d)(1). The limitation period runs from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

Equitable tolling may also available "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his [or her] control." *Marsh,* 223 F.3d at 1220.

1.   <u>Garcia's Argument Regarding a Lack of Legal Resources</u>.

5

Garcia argues that extraordinary circumstances exist when a person is incarcerated and has no means to defend himself, has not had adequate legal resources or materials, lacks access to legal documents and resources, and is prevented from pursuing his rights while incarcerated. (Doc. 20 at 9). Whether this argument is intended to invoke § 2241(d)(1)(B) or equitable tolling, Garcia's allegations are not adequately developed to prevail under either theory.

"[W]hen the state creates an impediment that prevents the petitioner from filing on time, the one-year limitation does not begin to run until the impediment is removed." *Aragon v. Williams*, 819 F. App'x 610, 613 (10th Cir. 2020); § 2244(d)(1)(B). To show that a Petition is timely under § 2244(d)(1)(B), a petitioner must provide specific facts regarding the alleged state-created impediment, including an explanation of "how the prison's alleged constitutional deficiencies hindered his efforts to pursue his claim within the prescribed statute of limitations[.]" *Mayes v. Province*, 376 F. App'x 815, 816–17 (10th Cir. 2010). Garcia's argument, which is vague and conclusory, fails to demonstrate that the that the state "actually prevented [him] from filing" his habeas petition. *Aragon*, 819 F. App'x at 613 (holding that a petitioner must show that the state "actually prevented" him from pursuing habeas relief to satisfy § 2241(d)(1)(B)), citing *Garcia v. Hatch*, 343 F. App'x 316, 318-19 (10th Cir. 2009) (unpublished) (collecting cases).

As an initial matter, Garcia does not address the duration of the impediment, showing neither when it began or when it ended. Without factual allegations to that effect, the Court will not assume that the impediment existed for over five years, from the time the Revocation Order became final to the time Garcia filed a state habeas petition. Additionally, Garcia's undeveloped allegations that his access to legal resources and materials has been inadequate, that he lacked access to unspecified "legal documents," and stating—without any detail—that he was "prevented from pursuing his rights while incarcerated" is not enough to show timeliness under §

6

2244(d)(1)(B). *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir.1998) (denying relief where petitioner "provided no specificity regarding the alleged lack of access" and how it impacted his delay, explaining that "[i]t is not enough to say that the [prison] facility lacked all relevant statutes and case law or that the procedure to request specific materials was inadequate"); *Weibley v. Kaiser*, 50 F. App'x. 399, 403 (10th Cir.2002) (unpublished) (holding petitioner's claim "insufficient because he does not allege specific facts that demonstrate how his alleged denial of [legal] materials impeded his ability to file a federal habeas petition" in a timely manner). Nor are these allegations sufficient to establish a basis for equitable tolling. *See United States v. Martinez*, 303 F. App'x. 590, 596 (10th Cir.2008) (unpublished) (refusing equitable tolling because petitioner did not "specific details regarding what restrictions actually were placed on his access to legal materials or how such restrictions hindered his ability to file his § 2255 motion" in a timely manner).

> 2.  Garcia's Argument Regarding His Attorney's Failures.

Garcia also argues that equitable tolling is warranted based on his criminal defense attorney's failure to appeal the Revocation Order and severance of contact with Garcia after the revocation hearing.[3] (Doc. 20 at 8-11). Assuming that this is true, Garcia does not show what, if anything, *he* did to diligently pursue his habeas claim between October 2, 2015, when the Revocation Order became final, and October 1, 2016, when the one-year limitation period for seeking federal habeas relief expired. *Marsh,* 223 F.3d at 1220 (equitable tolling requires inmate to show he diligently pursued his claims.). Additionally, an attorney's mere negligence is not an "extraordinary circumstance" that will justify equitable tolling in the habeas context because

---

3 Garcia's additional arguments about his defense attorney concern the effectiveness of his defense and are therefore relevant to the merits of the Petition, which is not addressed here.

"there is no constitutional right to an attorney in state post-conviction proceedings" and "clients, even if incarcerated, must vigilantly oversee and ultimately bear responsibility for their attorneys'' actions or failures." *Fleming v. Evans*, 481 F.3d 1249, 1255-56 (10th Cir. 2007) (internal quotation marks and citations omitted). Garcia's argument, which implies nothing more than passive reliance on his counsel to appeal the Revocation Order, does not support equitable tolling.

      3.  <u>Garcia's Fundamental Miscarriage of Justice Argument</u>.

Garcia also argues that his Petition should be addressed on the merits for the sake of correcting a fundamental miscarriage of justice. (Doc. 20 at 9). "While the untimely filing of a habeas petition may be excused to avoid a fundamental miscarriage of justice, this equitable exception applies only when new evidence shows it is more likely than not that no reasonable juror would have convicted the petitioner." *Jones v. Martin*, 622 F. App'x 738, 739 (10th Cir. 2015) (quoting *McQuiggin v. Perkins*, 569 U.S. 383, 395 (2013) (alterations and internal quotation marks omitted)). Garcia has not pointed to new evidence to satisfy this standard. The argument is therefore unavailing.

      4.  <u>Garcia's Right to Seek Habeas Relief in the Sex Abuse Case</u>.

This ruling applies only to the Revocation Order at issue in the present Petition. It has no effect on Garcia's right to pursue federal habeas relief in the sex abuse case. Garcia is advised, however, that the legal standards governing timeliness set forth above and addressed in the Screening MOO will apply to any petition for relief under § 2254.

**III.    Conclusion.**

For the foregoing reasons, and for the reasons set forth in the Court's Screening MOO (Doc. 16), the Petition (Doc. 1) is untimely and fails to satisfy the in-custody requirement. The

Response (**Doc. 20**) has not overcome the time bar and it did not address the in-custody requirement. As the Court's conclusions are not reasonably debatable, the Court will deny a certificate of appealability under Habeas Corpus Rule 11. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (certificate of appealability can only issue where "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong").

      **IT IS ORDERED** that Petitioner Louis Garcia's 28 U.S.C. § 2254 Habeas Corpus Petition (**Doc. 1**) is **DISMISSED** with prejudice; a certificate of appealability is **DENIED**; and a separate judgment will be entered closing this case.

UNITED STATES DISTRICT JUDGE